UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRINA MARIE GONZALES,**

      **Plaintiff,**

**v.**                                           **Case No:   6:13-cv-902-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Trina Marie Gonzales (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to consider all the relevant medical evidence in determining her residual functional capacity ("RFC"); 2) posing a hypothetical question to the Vocational Expert ("VE") that did not contain all of her functional limitations; and 3) finding her testimony concerning her pain and limitations not credible. Doc. No. 16 at 7-16. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.     ANALYSIS.**

At the center of this dispute is whether the ALJ considered all of the medical and opinion evidence concerning her rheumatoid arthritis when determining her RFC. Doc. Nos. 16 at 7-11; 19 at 5-10. Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(e). A claimant's RFC is his or her ability

to do physical and mental work activities on a sustained basis despite limitations secondary to his or her established impairments. RFC is an assessment based on all relevant evidence of a claimant's remaining ability to do work despite his or her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The focus of this assessment is the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id*. If a claimant can still do the kind of work he or she has done in the past, then the regulations require that the claimant be found not disabled. 20 C.F.R. § 404.1520(f). The claimant bears the burden of showing that he or she can no longer perform his or her past relevant work. *Jackson v. Bowen*, 801 F.2d 1291, 1292 (11th Cir. 1986). The responsibility for determining a claimant's RFC rests solely with the ALJ. 20 C.F.R. § 404.1513(b)(6) (the lack of a medical source statement stating what the claimant can still do despite her impairments will not make a medical report incomplete); 20 C.F.R. § 404.1527(e)(2).[1] In evaluating a claimant's RFC, the ALJ is obliged to consider all of the claimant's impairments, including subjective symptoms such as pain.

At step two of the sequential evaluation process, the ALJ found that Claimant's rheumatoid arthritis ("RA") and asthma are severe impairments. R. 21. At step four of the sequential evaluation process, the ALJ provides a detailed and accurate discussion of the medical record, opinion evidence, and Claimant's testimony. R. 22-4. Upon consideration of this evidence, the ALJ found Claimant has the RFC to perform sedentary work. R. 22. Specifically, the ALJ found:

> [T]he claimant can sit six hours in an eight-hour workday, stand and walk two hours in an eight-hour workday and occasionally lift 10 pounds. The claimant cannot use the bilateral upper extremities for

---

[1] "We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your [RFC] . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

>fine and gross manipulations on a repetitive basis. She can frequently use her bilateral upper extremities for handling and feeling. She needs to avoid concentrated exposure to extremes (sic) temperatures, humidity, vibration, fumes, odors and dust as well as hazards such as machinery and heights.

*Id*. The ALJ's RFC determination, however, is inconsistent with his credibility determination. In support of his credibility determination, the ALJ found that Claimant's occasional exacerbations of her RA rendered her incapable of frequent handling. R. 25. This finding is materially inconsistent with the ALJ's RFC determination, and the ALJ's decision contains no explanation rectifying this inconsistency. *See* R. 19-29. Further, this error is not harmless since the jobs which Claimant was found capable of performing despite her RFC require frequent handling. U.S. Dep't of Labor, Dictionary of Occupational Titles, 205.367-014, 1991 WL 671715 (4th ed. rev. 1991); *Id*. at 209.567-014, 1991 WL 671794 (4th ed. rev. 1991). Accordingly, the Court finds that the matter must be remanded for further proceedings.[2]

**II.   CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 8, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court finds this issue dispositive and does not address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).

...

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801